PER CURIAM.
Alpha Resins Corp. and Argonaut Insurance Co., the employer/carrier (E/C), appeal an order in which the JCC concluded that he had no jurisdiction to consider the claim for benefits filed by the claimant, Harry Townsend, in that the JCC had previously entered a final order regarding the particular benefits sought. The E/C contends that the JCC had reserved jurisdiction in the prior order to determine disputes regarding such benefits. We agree and reverse.
On February 1, 1989, Townsend suffered brain damage after falling from a truck at work. In a lengthy compensation order dated January 9, 1990, the JCC concluded that Townsend was permanently and totally disabled, and directed the E/C to provide claimant with, among other things, a wheelchair-accessible ranch-style home and lot, including amenities discussed in the order. The E/C did not appeal the order or file a motion for rehearing or clarification. Paragraph 7 of the order contained the language that has generated the controversy at bar:
7. I find the employer/carrier shall provide the claimant with a medically-necessary home. The home shall be of a ranch style, and shall have four bedrooms and two baths in order that the claimant and his nurse, claimant’s wife, claimant’s sons and claimant’s daughter may have their own bedrooms.1 The home shall be completely wheelchair accessible. The home shall be large enough to accommodate the claimant, his wife, and their three children who continue to live at home, and all of the claimant’s medically necessary apparatus. The master bedroom shall have dimensions of at least 20’ x 20’. The home must have a carport or garage. The kitchen must be completely equipped with wheelchair accessible utilities and appliances, including but not limited to stove, oven, refrigerator/freezer, dishwasher, disposal, drawers, cabinets, and sinks. The home must be equipped with the amenities which make a home livable, including air conditioning, heat, washer, and dryer. The employer/carrier shall furnish the home.
It is not my intention to surrender control of these matters to Dr. Paul Deutsch. I do find his recommendations to be better than all others in evidence. I find that the recommendations of Dr. Deutsch should be the guideline. There will be disputes. There will be items which haven’t yet been considered. Changes may become necessary. I will reserve jurisdiction to resolve disputes.
I find that if it were not for the claimant’s accident of February 1, 1989, the claimant would not have need for the home provided in this Order. I find that due to the claimant’s accident, claimant cannot physically or financially handle and provide the apparatus, items, services, and domestic matters without which a home cannot properly function, such as basic phone service available 24-hours a day; utility hookups, deposits, service *508 charges for water, sewer, electrical and other utilities; insurance; repairs; maintenance; and furnishings. I find the employer/carrier shall be responsible for such costs.

I retain jurisdiction to resolve those needs and disputes upon which the parties cannot agree among themselves.

(Emphasis added.)
On February 15, 1991, Townsend requested authorization from the E/C to purchase certain items, and thereafter filed various claims for benefits with the JCC, however, these claims were denied and/or never acted on. On March 7, 1991, claimant filed a Petition for Rule Nisi with the circuit court pursuant to Section 440.24(1), Florida Statutes (1987), to enforce the January 9, 1990 order. Townsend’s claim for house furnishings was called up for hearing before the JCC on March 27,1991. The JCC dismissed the claim in an order dated August 12, 1991, stating that the January 9, 1990 order was “clear in its intent and award of benefits,” thus there was no new claim for furnishings for him to consider, and he had no subject-matter jurisdiction over the dispute because claimant had filed the Petition for Rule Nisi.
We conclude that paragraph 7 of the order was final insofar as it directed the E/C to provide claimant with a medically necessary home, but that the JCC did retain jurisdiction to make determinations as to the medical necessity of the furnishings. The JCC explicitly stated that he contemplated there would be disputes over the amenities to be provided with the home, and that he would hear and resolve such disputes. The E/C has no obligation to pay for what is not medically necessary. Polk County Bd. of Comm’rs v. Varnado, 576 So.2d 833 (Fla. 1st DCA 1991).
We REVERSE the August 12, 1991 order, and REMAND for the JCC to determine the medical necessity of the furnishings of the residence provided by the E/C.
ERVIN, MINER and WOLF, JJ., concur.